

**FILED**

12/05/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0394

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0394

DAN H. WOODARDS, JR.,

    Plaintiff and Appellant,

v.

GARY WOODARDS, CAROL WOOD,
TERRI LASELL, BARBARA WOODARDS,
ESTATE OF DAN HOOVER WOODARDS,
SR., and ESTATE OF DORIS WOODARDS.

    Defendants and Appellees.

O R D E R

**FILED**

DEC - 5 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellees Gary Woodards et al. ("Gary") move to dismiss this appeal, filed by Appellant Dan H. Woodards, Jr. ("Dan"), on July 19, 2023. Dan opposes Gary's motion to dismiss.

Dan seeks to appeal from rulings made in three orders of the Second Judicial District Court, Butte-Silver Bow County, in its Cause No. DV-20-385: July 14, 2023 Order for Partition for Sale of Heirs Property; April 24, 2023 Order for Determination of Value and Partition by Sale; and October 4, 2022 Order on Cross Motions for Partial Summary Judgment. Gary argues this Court lacks jurisdiction to hear this appeal because the appeal is untimely as to the October 4, 2022, and April 24, 2023 orders, Dan withdrew his objection to the issues resolved in the April 24, 2023 order, and Dan did not obtain certification for appeal from an interlocutory order pursuant to M. R. Civ. P. 54(b). Dan responds that the July 14, 2023 order is immediately appealable under either M. R. App. P. 6(3)(i) or 6(4)(d) because it is a partition order in a case under the Heirs Act and thus Rule 54(b) certification is unnecessary. He further argues that M. R. App. P. 6(1) allows this Court to review the earlier orders because they are "previous orders and rulings excepted or objected to which led to and resulted in the judgment." He asserts that his

withdrawal of objection prior to the April 23, 2023 order was specific in scope in that he determined not to object to the property valuation but he did not consent to a sale by partition.

Having examined the July 14, 2023 Order for Partition for Sale of Heirs Property, we agree with Dan that this order is immediately appealable either under M. R. App. P. 6(3)(i) or 6(4)(d) as it directs partition and sale of the property in question. As such, Rule 54(b) certification is not required for appeal. The arguments Gary raises concerning the earlier orders are not grounds for dismissal of the appeal; however, Gary is not precluded from raising those defenses in his Response Brief.

IT IS THEREFORE ORDERED that that the motion to dismiss this appeal is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 5 day of December, 2023.

_____

_____

_____

_____

_____
Justices

2